NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted November 30, 2010[*]
Decided December 21, 2010

### Before

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

| | |
|---|---|
| No. 09-3720 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| CHERLI MONTGOMERY, *Plaintiff-Appellant*, | |
| *v.* | |
| PATRICK R. DONAHOE, Postmaster General, *Defendant-Appellee*. | No. 07 C 4433<br>Elaine E. Bucklo, *Judge*. |

### Order

The Postal Service fired Cherli Montgomery in 2006. An arbitrator later reinstated her without back pay. In this suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, Montgomery seeks to obtain that back pay. The district court, however, granted summary judgment in favor of the Postal Service. 661 F. Supp. 2d 983 (N.D. Ill. 2009).

Montgomery worked at a facility that handles registered mail. Among the workers' duties is securing bags of registered mail dispatched to local post offices. Montgomery's superiors instructed her to secure the bags with locks, unless the station to which the

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

mail was headed lacked the keys needed to open them; then Montgomery was to secure the bags with tin seals. Montgomery refused to follow this order, believing it to be a deviation from regulations. Despite progressive discipline (such as increasingly long suspensions) for disobedience, she continued securing the bags with tin seals. When discipline proved to be ineffectual, Montgomery was fired. The arbitrator agreed with Montgomery that the managers' instructions had been mistaken but also concluded that Montgomery's duty was to comply and protest within the hierarchy. This led to the arbitrator's split decision: reinstatement because Montgomery was right on the merits, but no back pay because Montgomery was wrong to disobey instructions.

Montgomery contends that the real reason for her discharge was either her race or a prior invocation of her rights under Title VII. In both the district court and this court the parties debated whether Montgomery established a prima facie case of either race discrimination or retaliation. But the answer to that question does not matter, because the Postal Service articulated a non-discriminatory (and non-retaliatory) explanation for the discharge: Montgomery's enduring defiance of a superior's orders. Once the employer articulates a valid reason for action, the employee must demonstrate that this reason is a pretext for discrimination (or retaliation). *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981); see also *St. Mary's Honor Center v. Hicks*, 509 U.S. 502 (1993*); Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000).

Montgomery has not carried that burden. She concedes the insubordination. The arbitrator concluded that this was the employer's actual reason for discharging her (which is why Montgomery did not receive back pay); and Montgomery has not identified any other worker who flatly refused to follow instructions, yet was not fired. No reasonable jury could find that the employer's explanation was pretextual, so the judgment of the district court is

AFFIRMED.